IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODNEY SCOTT SRINKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-182 |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Rodney Scott Sprinkel appeals the decision of the Acting Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.   BACKGROUND**

Plaintiff protectively applied for DIB and SSI on March 12, 2013, alleging a disability onset date of February 27, 2008. Tr. ("R."), pp. 19, 197-204. Plaintiff's last insured date for DIB was December 31, 2013. R. 43, 204, 290. Plaintiff was thirty-five years old at his alleged disability onset date and was forty-two years old when the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 19, 35, 221. Plaintiff applied for disability

benefits based on a combination of alleged impairments, including back and knee impairments, as well as anxiety. R. 21-22, 224. Plaintiff completed high school, and prior to his alleged disability had accrued a relevant work history that included work as a chief engineer at a hotel, a landscaping laborer, and a repossessor/tow truck driver. R. 46-49, 225.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 131-56. Plaintiff then requested a hearing before an ALJ, R. 157-62, and the ALJ held a hearing on March 26, 2015. R. 27-57. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from Dr. Ted Mitchell, a Vocational Expert ("VE"). Id. On April 30, 2015, the ALJ issued an unfavorable decision. R. 16-40.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since February 27, 2008, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease (DDD) of the lumbar spine status post fusion, DDD of the cervical spine and osteoarthritis of the bilateral knees (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he is able to occasionally lift/carry up to 20 pounds and frequently lift/carry up to 10 pounds; stand/walk for 6 hours with normal breaks; no standing for more than 30 minutes at one time before he would have to sit for one hour; walking would be limited to one block at a time; sit for 6 hours; unlimited ability to push/pull other than shown for lifting/carrying; occasionally climb ladders, ropes or scaffolds, stoop, kneel, crouch and crawl; frequently climb ramps/stairs; unlimited balancing; needs to avoid concentrated exposure to vibrations; needs to avoid concentrated exposure to hazards including

machinery, heights.[1] Thus, the claimant is unable to perform any past relevant work. (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including addresser, call out operator, and surveillance system monitor. (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from February 27, 2008, through April 30, 2015 (the date of the ALJ's decision). (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 21-35.

When the Appeals Council denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to (1) include any mental limitations in the RFC, (2) properly evaluate the opinions of Robert Kline, III, Psy.D., a consultative examiner, and Oscar DePaz, M.D., a treating physician, and (3) present a complete hypothetical to the VE when soliciting testimony to determine there were jobs available for Plaintiff. See doc. no. 14 ("Pl.'s Br."); doc. no. 18 ("Pl.'s Reply"). The Commissioner maintains that the ALJ's decision is supported by substantial evidence and should therefore be affirmed. See doc. no. 17 ("Comm'r's Br.").

---

[1]"Light work" is defined as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff argues the ALJ erred at step two of the sequential process because he did not find that Plaintiff's affective disorder and anxiety disorder were severe impairments, and in particular, the ALJ did not properly evaluate the opinion of Dr. Kline in rejecting these disorders as severe impairments. Pl.'s Br., pp. 6-9; Pl.'s Reply, pp. 1-2. Plaintiff alleges the ALJ compounded the problem by then failing to include *any* mental limitations in the RFC formulation at step four of the sequential process, despite acknowledging Plaintiff has mental health impairments, though not severe, causing at least mild functional limitations. Pl.'s Br., pp. 4-6; Pl.'s Reply, pp. 1-3. The Commissioner argues the ALJ properly evaluated Dr. Kline's opinion, but has no response to Plaintiff's argument concerning the failure to consider the combined effects of all Plaintiff's impairments, including any non-severe mental impairments, in formulating the RFC. See Comm'r's Br., pp. 4-7, 9-10.

#### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations

5

caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

An ALJ must consider all of a claimant's impairments, severe and non-severe, in combination. Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (citing Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."). As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--

6

> when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

### B. Assigning Weight to Medical Opinions

Plaintiff starts his assignment of error at step two, contending if the proper weight had been afforded Dr. Kline's opinion, the ALJ would have determined Plaintiff's mental impairments were severe. Instead, the ALJ credited the opinions of two state agency consultants, Eric Wiener, Ph.D., and David L. Kirk, Ph.D., who never examined Plaintiff, but who reviewed the medical records approximately one and a half years prior to Dr. Kline's examination on February 11, 2015.[2] R. 85-86, 95-96, 108-09, 120-21, 524-30. The Commissioner argues the ALJ properly assigned "great weight" to Dr. Wiener's and Dr. Kirk's opinions that Plaintiff did not have a severe mental impairment. Comm'r's Br., p. 10. Indeed, in assigning "great weight" to the non-examining, state agency consultants, the ALJ found their opinions to be "consistent with the bulk of the medical evidence." R. 22. However, the ALJ gave "little weight" to the opinion of Dr. Kline because "it was based on a one-time examination and the overall evidence does not support even moderate social limitations particularly in light of his ability to go shopping, take care of his 7-year old child and maintain good relationship[s] with his family." R. 23.

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

---

[2]The Court recognizes Dr. Kline's examination post-dates Plaintiff's last insured date of December 31, 2013, but Plaintiff's SSI application is not restricted by that date.

7

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R §§ 404.1527(c), 416.927(c)). As a general rule, the opinion of a one-time examiner is not entitled to great weight. Stone v. Comm'r of Soc. Sec., 544 F. App'x 839, 842 (11th Cir. 2013); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160-61 (11th Cir. 2004). The law is clear, "The ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician." Stone, 544 F. App'x at 842 (citing McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987)).

As to state agency psychological consultants, Social Security Ruling ("SSR") 96-6p provides that findings of fact made by such consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a non-examining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." Id. at *2.

### C. The ALJ Erred in His Treatment of Plaintiff's Mental Health Impairments When Formulating the RFC.

Without even reaching the merits of Plaintiff's argument concerning the ALJ's assignment of great weight to non-examining state agency consultants and little weight to a one-time examiner, the Court concludes the case must be remanded based on the ALJ's failure to include *any* mental restrictions in the RFC. There is no apparent explanation why,

8

even assuming arguendo it was appropriate to discount Dr. Kline's opinion, the ALJ failed to include the mental limitations he credited in the RFC.

After conducting his examination, Dr. Kline diagnosed "major depressive disorder, recurrent, moderate, in acute exacerbation," and specifically opined Plaintiff had mild restrictions, due to the impact of his depression, in understanding, remembering, and carrying out simple instructions, as well as in making judgments on simple, work-related decisions. R. 527-28. He further opined Plaintiff had moderate restrictions on the following: understanding, remembering, and carrying out complex instructions; making judgments on complex work-related decisions; interacting with the public, supervisors, and co-workers; and responding appropriately to usual work situations and to changes in a routine work setting. R. 529. Dr. Kline summarized Plaintiff's psychiatric issues "would interfere with his ability to perform simple, repetitive task, remember and follow directions, or interact appropriately with coworkers, supervisors, and the public." R. 527. The ALJ gave "little weight" to these findings but said he gave "great weight" to the opinions of the non-examining state agency consultants who reviewed Plaintiff's records approximately a year and a half prior to Dr. Kline's examination.

According to the ALJ, although both Dr. Wiener and Dr. Kirk opined Plaintiff did not have any severe mental impairments, they both found he had mild functional limitations. R. 22 (citing Ex. 1A/5-6 and Ex. 5A/6-7). Dr. Wiener opined on May 21, 2013, Plaintiff had mild impairments in the following areas: restrictions of activities of daily living; difficulties in maintaining social functioning; and difficulties in maintaining concentration, persistence, or pace. R. 95-96. Dr. Kirk opined Plaintiff had mild impairments in the following areas: difficulties in maintaining social functioning, and difficulties in maintaining concentration,

9

persistence, or pace. R. 120-21. When first reviewing these findings at step two, the ALJ (1) concluded Plaintiff had the medically determinable mental impairments of affective disorder and anxiety related disorder, (2) acknowledged Plaintiff took Zoloft and Xanax for his mental issues, and (3) adopted as his findings all of the "mild" impairments found by Drs. Wiener and Kirk.[3] R. 21-23.

However, in formulating Plaintiff's RFC at step four, the ALJ completely omitted any discussion of mental impairments and the findings of Drs. Wiener and Kirk discussed at step two. R. 24-33. The ALJ generally stated Plaintiff's psychiatric exams were "normal," R. 30, R. 33, though one of the medical records cited in support of the conclusion listed Plaintiff's psychological assessment as "Anxiety, high irritability, depression and sleep disturbances." R. 30 (citing Ex. 17F/4 (R. 550)). Moreover, although the ALJ found Plaintiff had "mild" impairments regarding restrictions in daily living at step two, at step four, without citation to any of the previous medical opinions reviewed at step two, he found Plaintiff had a "fair range of activities of daily living." R. 32.

Based on the internal inconsistencies between the ALJ's evaluation of the Plaintiff's mental impairments at step two and the failure to include any mental restrictions at step four, the record does not show the ALJ properly considered the combined effects of all of Plaintiff's impairments, including any non-severe mental impairments, in formulating the RFC. See Healty, 382 F. App'x at 825; 20 C.F.R. § 404.1545(a)(2); SSR 96-8p at *5. There is no explanation for affording "great weight" to the opinions of Drs. Wiener and Kirk that Plaintiff had several mild mental limitations, yet failing to include any mental restrictions in the RFC. Indeed, those findings of Drs. Wiener and Kirk must be treated as expert opinion evidence of a

---

[3]The ALJ provided no explanation for accepting the mild impairment in restrictions of daily living found by Dr. Wiener but not by Dr. Kirk. R. 22-23.

non-examining source. See SSR 96-6p at *1. Moreover, disregarding those mild restrictions afforded great weight by the ALJ carried over to step five when the ALJ presented a hypothetical to the VE to determine there were jobs available for Plaintiff: "The DDS found the mental was non-severe. So, no mental restrictions in this first hypothetical." R. 74. No mental restrictions were added in subsequent hypotheticals. R. 74-77.

The Commissioner paraphrases Plaintiff's argument concerning the failure to include any mental limitations in the RFC as follows: "Plaintiff specifically argues the ALJ's RFC finding is flawed because he did not include his alleged mental limitations as a severe impairment." Comm'r's Br., p. 4. While it is true part of Plaintiff's argument focuses on whether according proper weight to Dr. Kline's opinion would result in a finding of a severe mental impairment, Plaintiff also specifically contends the ALJ did not account for even the mild limitations he credited by Drs. Wiener and Kline "in formulating the RFC, because the RFC includes no mental limitations whatsoever." Pl.'s Br., p. 5.

Moreover, the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 28th day of August, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA